IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STATE FARM LIFE INSURANCE COMPANY,** | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. **3:18-CV-1628-L** |
| | § | (Consolidated with 3:18-CV-1705-L) |
| **MAE KATHERYN BRYANT and AMY CANNON,** | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are State Farm Life Insurance Company's Rule 12(b)(6) Motion to Dismiss Amy Cannon's First Amended Counterclaim ("Rule 12(b)(6) Motion to Dismiss") (Doc. 43), filed June 14, 2019; and State Farm Life Insurance Company's Rule 12(b)(1) Motion to Dismiss Amy Cannon's Counterclaims for Lack of Subject Matter Jurisdiction ("Rule 12(b)(1) Motion to Dismiss") (Doc. 46), filed July 2, 2019.  On July 24, 2019, Amy Cannon ("Cannon") filed an untimely consolidated response in opposition to both Motions to Dismiss (Doc. 48).  Thereafter, on September 18, 2019, Cannon filed a Motion for Leave to File Late Response to State Farm Life Insurance Company's Rule 12(b)(6) and Rule (b)(1) Motions to Dismiss ("Motion for Leave") (Doc. 52).

For the reasons herein explained, the court **strikes** Cannon's untimely consolidated response (Doc. 48) to State Farm Life Insurance Company's ("State Farm") Motions to Dismiss; **denies** Cannon's Motion for Leave (Doc. 52); **denies** State Farm's Rule 12(b)(1) Motion to Dismiss (Doc. 46); and **grants in part** State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 43).

**Memorandum Opinion and Order – Page 1**

I.      **Factual and Procedural Background**

This interpleader action involves a dispute between Cannon and Mae Katheryn Bryant ("Bryant") regarding a $300,000 life insurance policy ("Policy") issued by State Farm under which Cannon's deceased ex-husband and Bryant's son, Enoch Bryant (the "Decedent" or the "Insured"), was the insured.  Cannon and Bryant both submitted claims to recover the Policy proceeds after the Insured's death on April 4, 2018. Cannon contends that she is entitled to the policy proceeds as the primary beneficiary under the Policy. Bryant maintains that she is entitled to the Policy proceeds as the successor beneficiary under the Policy and as the mother and heir of her son because the Insured's and Cannon's divorce decree did not designate Cannon as a beneficiary under the Policy, and the Insured did not redesignate Cannon as his beneficiary under the Policy after their divorce as required by Texas law.  After Cannon and Bryant both submitted competing claims asserting rights to the Policy in April and May of 2018, State Farm filed this interpleader action and was granted permission to deposit the Policy proceeds into the registry of the court.

On May 16, 2019, the court entered a lengthy memorandum opinion and order (Doc. 40) in which it discharged State Farm of any and all liability in connection with any counterclaim asserted by Cannon or Bryant regarding their entitlement to recover the Policy proceeds, State Farm's investigation of their respective claims to the Policy proceeds, and its decision to bring this interpleader action in lieu of deciding which of the two claimants are entitled to recover the Policy proceeds. The court also allowed Cannon to amend her pleadings with respect to State Farm, to the extent that the amended pleading pertained to matters *other than* her entitlement to recover under the Policy or State Farm's conduct in handling her insurance claim.  Cannon amended her pleadings

on May 31, 2019 (Doc. 42), to assert claims against State Farm for breach of contract, negligence, negligent misrepresentation, and alleged violations of the Texas Insurance Code.

State Farm maintains that Cannon's claims should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction for lack of standing because the claims asserted are based on legal duties that could only be owed, if at all, to the Decedent or Insured under the Policy. State Farm also contends in its Rule 12(b)(6) Motion to Dismiss that Cannon's amended pleading violates the court's May 16, 2019 opinion and Texas interpleader law because it exceeds the specified pleading parameters and includes claims that cannot be brought in an interpleader action such as this. As noted, Cannon filed an untimely response to both motions on July 24, 2019.

On September 3, 2019, this action was transferred to the docket of United States District Judge Brantley Starr, who entered an order on September 13, 2019, requiring Cannon to file a motion for leave under Federal Rule of Civil Procedure 6(b)(1)(B) that demonstrated excusable neglect for her untimely consolidated response to State Farm's Motions to Dismiss.  On September 18, 2019, Cannon filed her Motion for Leave as directed, to which State Farm filed a response in opposition.  Before the Motion for Leave was ruled on, the case was returned to the undersigned on January 23, 2020, after Judge Starr's recusal.

## II.    Discussion

### A.    Cannon's Motion for Leave

Local Civil Rule of the Northern District of Texas ("Local Rule") 7.1(e) expressly states that a response to an opposed motion "must be filed within 21 days from the date the motion is filed." Local Rule 7.2(d) further provides that all briefs "in excess of 10 pages must contain" a table of

contents and a table of authorities.  Cannon's consolidated response to State Farm's two Motions to Dismiss did not comply with either of these rules.

Cannon's rambling consolidated response to the Motions to Dismiss is fifteen pages in length but does not include a table of contents or table of authorities as required by Local Rule 7.2.  In addition, Cannon's July 24, 2019 consolidated response was filed forty days after State Farm's Rule 12(b)(6) Motion to Dismiss and 22 days after State Farm's Rule 12(b)(1) Motion to Dismiss, in violation of Local Rule 7.1.  Thus, as noted by Judge Starr, Cannon's response was filed 19 days after the deadline for responding to the Rule 12(b)(6) Motion to Dismiss and one day after the deadline for responding to the Rule 12(b)(1) Motion to Dismiss.  Rule 6(b)(1)(B), therefore, governs whether she should be granted an extension of her response deadlines to avoid having her untimely consolidated response, that was filed without leave, stricken.

Current Rule 6(b)(1)(B)—formerly Rule 6(b)(2)[1]—provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Accordingly, the court may extend deadline for Cannon's response only if it determines that she has established good "cause for the late filing, and that the failure to file on time was the result of excusable neglect." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 897 & n.5 (1990) (discussing former Fed. R. Civ. P. 6(b)(2)).  The standard for evaluating excusable neglect or good cause is an equitable one that takes into account of "all relevant circumstances surrounding the party's omission," including "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the

---

[1] As part of general restyling to all Federal Rules of Civil Procedure, effective December 1, 2007, former Rule 6(b)(2) is now Rule 6(b)(1)(B).  4B Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1165 (4th ed. 2008).

reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation and footnote omitted).  "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam) (unpublished) (citing *Lujan*, 497 U.S. at 894-98).

Cannon's Motion for Leave does not establish good cause or excusable neglect as required for an extension of time under Rule 6(b)(1)(B). Cannon filed her consolidated response without attempting to explain her reasons for filing the response after expiration of both of the response deadlines for the Motions to Dismiss.  Cannon also failed to seek leave until approximately two months after filing her untimely response, and she only did so because Judge Starr warned that he would strike the response unless she moved for leave and established excusable neglect for the untimely filing.  Moreover, this is the second time the court has had to deal with a procedural quagmire and unnecessary issues as a result of Cannon's failure to comply with the Federal Rules of Civil Procedure and Local Rules that have delayed the proceedings in this case.  Accordingly, the length of the delay and potential impact on judicial proceedings do not support a finding of excusable neglect.

Cannon's explanation for her untimely response also weighs against a finding of excusable neglect.  Like her consolidated response, Cannon's Motion for Leave consists of a rambling, incoherent narrative that includes references to matters that are entirely irrelevant to the court's excusable neglect analysis and Cannon's burden.  Cannon first asserts that State Farm is to blame for her failure to file a timely response to the Rule 12(b)(6) Motion to Dismiss because, before the

response deadline for this motion, State Farm filed its Rule 12(b)(1) Motion to Dismiss that contains arguments that are "quite similar and the same allegations of facts [are] cited in both motions." Mot. for Leave ¶ 13.  This may explain why Cannon decided to file a consolidated response to both motions, but it does not justify her failure to timely respond to either of the motions and comply with Local Rules 7.1 and 7.2.

Cannon next asserts that Rule 12(b) requires parties to join all defenses or objections in a motion or responsive pleading, but she was unable to determine from this rule or her research, including a Ninth Circuit case cited in her Motion for Leave, whether State Farm was allowed to file multiple motions to dismiss the same pleading.  Again, this does not explain or justify Cannon's own failure to timely respond to both of the motions.  If Cannon believed that State Farm violated Rule 12(b) by failing to assert all of its arguments in a single motion or responsive pleading, she could have raised this argument in a timely response to the motions.

Notwithstanding the foregoing arguments, Cannon attributes her failure to respond timely to *both* of the Motions to Dismiss to "a miscalculation of the dates through the use of a manual Date Forecaster wheel."  *Id.* ¶ 15.  The court can understand a miscalculation of one day but finds it difficult to believe that such a miscalculation is to blame for her failure to respond to the Rule 12(b)(6) Motion to Dismiss until 19 days after the response deadline.  Accordingly, this explanation is not credible and lacks candor.  The manner in which Cannon addresses the two motions in her response lends further support to this determination.  Specifically, the title of Cannon's response indicates that it is responsive only to the Rule 12(b)(1) Motion to Dismiss, while the body of the response addresses both motions.  The body of Cannon's response also blurs the distinction between the two motions, so it is not always clear to which motion she is referring and responding.  Cannon

**Memorandum Opinion and Order – Page 6**

took a similar approach in her prior pleadings, making it difficult for the court to determine which factual allegations supported the various claims asserted, and which claims were being asserted against State Farm, Bryant, and others.  Whether attributable to a lack of good faith or poor organization and briefing on Cannon's part, it does not support a finding of good faith.

Cannon next contends that her claims against State Farm are not reassertions of her alleged entitlement to the Policy proceeds, which she acknowledges she was prohibited from reasserting in her amended pleading.  Cannon maintains that her claims against State Farm have merit and do not warrant dismissal.  This argument does not advance her Motion for Leave or burden of establishing excusable neglect or good cause, and notably absent from the Motion for Leave is any discussion of Rule 6(b)(1)(B)'s requirements.

Also unavailing is her assertion that she failed to respond timely to the Motions to Dismiss because it was questionable whether she could address the Rule 12(b)(1) Motion to Dismiss in light of the stay on discovery and her expectation that State Farm would provide additional disclosures or communications with respect to the Insured in light of the June 27, 2019 Amended Joint Status Report, which required the parties to make disclosures by July 15, 2019.  Cannon also contends that both of State Farms' motions rely on evidence outside of the pleadings; that she waited to see if the court was going to enter a scheduling order to lift the stay on discovery; that "Rule 56 governs the timeline for a response to motions for summary judgment and does not provide a deadline for the response to a motion for summary judgment. The response is set by the local rule or the scheduling order"; and that she was concerned that she would be violating the court's order(s) by submitting evidence in support of her response.

Why any of this precluded Cannon from filing timely her response to either of the Motions to Dismiss or seeking an extension to do so is unclear and a mystery to the court.  Cannon's statement regarding Rule 56 is misplaced and has no apparent relevance to her Motion for Leave and burden of establishing good cause or excusable neglect.  Moreover, she acknowledges that motions under Rule 12(b)(6) are based on the pleadings, and any argument that State Farm's motions go outside the pleadings could have been raised in a timely-filed response.

Cannon also recognizes that Rule 12(b)(1) motions can either be asserted as factual or facial challenges.  While State Farm argues in its Rule 12(b)(1) Motion to Dismiss that Cannon lacks standing because: (1) she cannot establish that she is the Policy beneficiary or an intended beneficiary; and (2) her pleadings do not establish that she has the requisite standing, it does not rely on evidence outside of the pleadings.  Thus, State Farm's challenge is facial, not factual, and does not require Cannon to come forward with evidence in response, despite her contention to the contrary.  Regardless of whether Cannon believed that she was or was not required to come forward with evidence in response to the Rule 12(b)(1) Motion to Dismiss, this does not justify her failure to respond timely, as any such argument could have been included in a timely-filed response or a motion for leave before expiration of her response deadline or much sooner than her Motion for Leave was filed.

Cannon also contradicts herself by arguing that State Farm will not be prejudiced by her late response because, in evaluating subject matter jurisdiction under Rule 12(b)(1), the court, depending on whether a challenge is facial or factual, may consider: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Mot. for Leave ¶¶ 23-25 (citation

omitted).  This contention not only appears to undermine her assertion that she was unable to timely respond to either of State Farm's motions because they rely on evidence outside of the pleadings, but it also makes no sense because Cannon fails to "connect the dots" by explaining why she believes that prejudice or lack of prejudice to State Farm turns on the type of jurisdictional challenge made.

Finally, Cannon asserts that "[t]he court should allow [her] leave to file the late response to both of State Farm's Motions to Dismiss because there was no conscious indifference to the parties or the Court[.]" *Id.* ¶ 26.  This assertion is conclusory and not supported by the other explanations in Cannon's Motion for Leave, which indicate an overall lack of candor with the court in that she attempts to minimize the inconvenience to the court and State Farm in having to address her frivolous assertions and the situation created by her. Cannon previously argued that it would be unfair to allow State Farm to recover attorney's fees and costs that would reduce the amount of Policy proceeds recoverable.  The court disagreed and noted that, while an award of attorney's fees and costs in an interpleader action are generally modest, Cannon's actions are directly contributing to the amount of attorney's fees and costs incurred by State Farm in this action.  For this reason, the court warned that, in ruling on any future motion by State Farm to recover attorney's fees and costs, it would take into account whether Cannon "improperly protracted the proceedings" in this case. May 16, 2019 Mem. Op. & Order 28. *The court reiterates that warning here*, as Cannon is continuing to engage in conduct that is unnecessarily protracting the litigation and proceedings in this case.

For all of these reasons, the court determines that Cannon has not met her burden of establishing good cause or excusable neglect for her failure to respond timely to the Motions to

**Memorandum Opinion and Order – Page 9**

Dismiss.  Cannon's justification for the untimely filing and delay in seeking leave to remedy the error does not evince the type of neglect that is excusable under Rule 6(b).  Cannon does not assert that her attorney misunderstood Local Rule 7.1 or Rule 6.  She, instead, asserts that she misunderstood the effect of other matters that have absolutely no bearing on her response deadline. Cannon, therefore, made a conscious decision to delay in filing her response to the Rule 12(b)(6) Motion to Dismiss and apparently miscalculated the deadline for filing her response to the Rule 12(b)(1) Motion to Dismiss.

When, as here, the rules at issue—Local Rule 7.1's response deadline and Federal Rule of Civil Procedure 6 for computing time—are straightforward and unambiguous, mere inadvertence, ignorance, or misinterpretation of applicable rules does not constitute excusable neglect.  *See Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 885 (5th Cir. 1998) (explaining, based on the reasoning in *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir.1998), that "[a]lthough . . . some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed. Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, 'almost every . . . lawyer would plead his own inability to understand the law when he fails to comply with a deadline.'").

Further, as noted, this is not the first time Cannon has failed to comply with the Federal Rules of Civil Procedure or Local Rules and caused the court and the parties to address unnecessary issues that could have been avoided with the exercise of a modicum of diligence and attention to applicable rules.  In its May 16, 2019 opinion, the court admonished Cannon for failing to comply with Local Rules 7.1 and 7.2, indicated that "[a]dherence to this district's Local Civil Rules is mandatory, and ordered the parties to:

**Memorandum Opinion and Order – Page 10**

**familiarize themselves with and comply with this district's Local Civil Rules, as their continued failure in the future to comply with these rules and the Federal Rules of Civil Procedure will result in the noncompliant filing being stricken without further notice or the imposition of other sanctions, as deemed appropriate by the court, against the offending party, attorney, or both. With its extremely busy docket, the court has no time for the parties disregarding the Federal Rules of Civil Procedure or the Local Civil Rules, or engaging in gamesmanship, and such tactics will not be tolerated.**

*Id.* at 11-12 & n.10.  The court also specifically warned as follows:

The court does not plan to write any additional 50-page opinions to address procedural issues and notes that the procedural quagmire of this case is primarily attributable to the unnecessary and noncompliant filings of one party.  **The parties are warned that, if the court has to write another lengthy opinion to address disputes or unnecessary procedural matters created by the parties' failure to observe required professional standards or comply with applicable rules, the imposition of sanctions against the offending party or attorney is highly likely, as it simply cannot continue to dedicate scarce judicial resources to address frivolous arguments, gamesmanship, or legal legerdemain.**

*Id.* at 51.  Cannon was, therefore, on notice that her continued failure to comply with the court's orders or applicable rules would, at a minimum, result in the noncompliant filing being stricken without further notice.  Accordingly, the court **strikes** Cannon's consolidated response (Doc. 48) to State Farm's Motions to Dismiss and **denies** her Motion for Leave (Doc. 52).  *Additionally, the court warns Cannon that her continued failure to comply with the court's orders or applicable federal and Local Rules will result in a finding of contumacious conduct and dismissal of the claims asserted by her in this action or other sanctions against her, her attorney, or both, as deemed appropriate by the court*.

### B.      Rule 12(b)(1) Motion to Dismiss

State Farm contends that Cannon lacks constitutional standing to bring the claims she has asserted against it in this action. In sum, State Farm contends that, if Cannon is not the Policy

beneficiary as alleged, "she is a mere bystander to the Policy and has no standing to assert any cause of action as beneficiary," and Cannon has no standing to bring the tort claims asserted because "they rely on legal duties which, if they were owed at all, were owed to [the Insured], not to Cannon."  R. 12(b)(1) Mot. to Dismiss 2.  State Farm, therefore, argues that "[t]he only persons who have standing to bring an action against [it] to enforce either contractual or tort duties flowing from the Policy are those in privity with the Policy: the legal representative of Mr. Bryant's estate, or a [direct or intended] third-party beneficiary," and Cannon's pleadings do not establish that she is either.  *Id.* at 7.

Issues regarding Article III standing or constitutional standing are properly addressed under Rule 12(b)(1), whereas prudential or statutory standing issues are addressed under Rule 12(b)(6). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (citation omitted). Even when a defendant does not argue that the plaintiff lacks Article III standing, courts have an independent obligation to assure that jurisdiction exists by examining the constitutional dimension of standing before determining whether a plaintiff has prudential standing to assert a claim.  While State Farm couches its arguments in terms of constitutional standing, its grounds for dismissal pertain to prudential standing and, therefore, should be analyzed under the standard applicable to Rule 12(b)(6) motions.   The court, nevertheless, determines that Cannon has constitutional standing for purposes of Article III, Section 2 of the Constitution to bring the claims asserted against State Farm.

To satisfy the three requirements of Article III standing, Cannon must allege an injury in fact that is fairly traceable to State Farm's conduct and likely to be redressed by a favorable ruling. *Lujan*, 504 U.S. at 560-61.  Cannon satisfies these requirements.  She has alleged damages resulting

from State Farm's conduct in connection with the Policy under which she is a named beneficiary, and an award of damages would remedy that loss. Accordingly, the court has jurisdiction to determine whether Cannon has prudential standing to assert claims for breach of contract, negligence, negligent misrepresentation, and alleged violations of the Texas Insurance Code, and it **denies** State Farm's Rule 12(b)(1) Motion to Dismiss based on constitutional standing. *Harold H. Huggins Realty, Inc.*, 634 F.3d at 795 n.2.

Even when a plaintiff has alleged injury sufficient to satisfy the "case or controversy" requirement, the Supreme Court has held that "the plaintiff generally must assert his [or her] own legal rights and interests, and cannot rest his [or her] claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citations omitted). One of the prudential aspects of standing is "the general prohibition on a litigant's raising another person's legal rights[.]" *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citation omitted). As noted, the arguments made by State Farm focus on whether Cannon has standing to assert legal rights owed to others. The court, however, declines to address the arguments raised in this regard by State Farm. Although the court has some concern whether Cannon has prudential standing or whether her claims, as currently pleaded, state valid claims for relief under Texas law, State Farm's motion in this regard consists only of argument without reference to legal authority as required by Local Rule 7.1(d), and it is not incumbent on the court to make legal arguments for the parties or address issues that have not been properly briefed.[2]  The court, therefore, **denies without prejudice** State Farm's Rule 12(b)(1) Motion to Dismiss based on prudential standing and its request to stay Cannon's claims and case

---

[2]  Local Rule 7.1(d) states: "An opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities."

against it pending resolution of the interpleader action because resolution of any such request, which was made in the alternative, will likely turn on resolution of an amended motion to dismiss under Rule 12(b)(6) if State Farm opts to file one by the deadline provided below.

**C.**     **Rule 12(b)(6) Motion to Dismiss**

As noted, State Farm's Rule 12(b)(6) Motion to Dismiss focuses on whether Cannon's amended pleadings violate the court's May 16, 2019 opinion and law applicable to interpleader actions.  In this regard, State Farm contends:

> Cannon has failed to plead any new claim that is independent of her alleged right to receive the policy proceeds. All of her claims are expressly predicated on her alleged rights as the primary beneficiary, and continue to seek the policy proceeds, together with associated fees and costs, as damages. They are all barred as a matter of law and should be dismissed. These are the precise types of claims which create the risk of double exposure for a single disputed fund which interpleader is designed to remedy.

R. 12(b)(6) Mot. to Dismiss 7.  In addition, State Farm argues that the Fifth Circuit authority cited in the court's prior opinion is inapplicable because:

> *New York Life Ins. Co. v. Deshotel*, [142 F.3d 873 (5th Cir. 1998)] discussed in the Court's order (Doc 40), was decided based on the unique properties of a Louisiana delictual action, which gave a would-be beneficiary of a policy immediate standing under Louisiana law to sue the insurer for negligence as soon as the interpleader was filed. Texas has no analogous cause of action, and here, Cannon has no standing to pursue any claims under Texas law against State Farm based on her allegation that she is the proper beneficiary (i.e., *all* of her claims) unless and until she demonstrates that she is in fact the proper beneficiary.

*Id.* (footnotes and citation omitted).

The court cited *Deshotel* for the limited purpose of explaining that a compulsory counterclaim must be brought in an interpleader action as opposed to a subsequently-filed action.

Additionally, State Farm does not cite any legal authority to support its contention that Cannon cannot, under Texas interpleader law, recover a sum equal to or in excess of the amount of the Policy proceeds as damages for the claims asserted. In other words, it has not established that Texas law precludes the assertion of a claim for damages in an amount equal to or more than that payable under an insurance policy based on various tort theories, as opposed to asserting an entitlement to the benefits payable under an insurance policy as the policy beneficiary.  Additionally, as explained, State Farm's argument regarding Cannon's status as a beneficiary and other prudential standing arguments were not adequately briefed.  Regardless, Cannon's request for damages is not limited to the amount of the Policy fund. Cannon alleges that she incurred damages for storage rental and funeral costs, as well as other costs, and State Farm's motion does not cite legal authority to demonstrate that such damages are not recoverable under Texas law.

On the other hand, the court agrees with State Farm that Cannon's inclusion of a contract claim in her amended pleading violates Texas interpleader law and its May 16, 2019 opinion denying her request to amend her pleadings to assert a contract claim against State Farm based on her contention that she is entitled to recover the Policy proceeds, as  such a claim goes to the heart of the interpleader action and the issue of whether Cannon or Bryant is entitled to recover such proceeds. *See* May 16, 2019 Mem. Opin. & Order 42-43.  The court, therefore, **grants** State Farm's Rule 12(b)(6) Motion to Dismiss with respect to the breach of contract claim asserted by Cannon against it and **dismisses with prejudice** this claim.  The motion is otherwise **denied without prejudice**.

### III.     Conclusion

For the reasons explained, the court **strikes** Cannon's untimely response to State Farm Life Insurance Company's Motions to Dismiss (Doc. 48); and **denies** Cannon's Motion for Leave (Doc. 52).  The court also **grants** State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 43) with respect to Cannon's breach of contract claim, which is **dismissed with prejudice**, and otherwise **denies without prejudice** all other relief sought in this motion.  Finally, the court **denies** State Farm's Rule 12(b)(1) Motion to Dismiss (Doc. 46), to the extent it is based on constitutional standing, and **denies without prejudice** the motion, to the extent it is based on prudential standing.  Any amended motion to dismiss under Rule 12(b)(6) by State Farm must be filed by **June 30, 2020**, accompanied by a memorandum of law, and otherwise comply with applicable federal and Local Rules.  *Failure to do so will result in the noncompliant filing being stricken without further notice*.

**It is so ordered** this 30th day of May, 2020.


Sam A. Lindsay
United States District Judge