IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, § § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. **3:18-cv-1628-L** | |
| MAE KATHERYN BRYANT AND AMY CANNON, § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff/Counter-Defendant State Farm Life Insurance Company's ("State Farm") Amended Rule 12(b)(6) Motion to Dismiss Amy Cannon's Counterclaims ("Motion") (Doc. 57), filed June 30, 2020; Defendant/Counter-Plaintiff Amy Cannon's ("Ms. Cannon") Response to State Farm's Amended Rule 12(b)(6) Motion to Dismiss Amy Cannon's Counterclaims (Doc. 61), filed July 21, 2020; and Counter-Defendant State Farm's Reply to Amy Cannon's Response (Doc. 63). For the reasons herein explained, the court **grants** State Farm's Motion.

**I.     Factual and Procedural Background**

The parties are well-acquainted with the procedural posture of this case. Moreover, in the court's Memorandum Opinion and Order of May 30, 2020 (Doc. 55), the court discussed in detail the procedural posture of this action leading up to the issuance of that opinion. Accordingly, the court will not discuss the procedural background prior to the court's May 16, 2019 Opinion and incorporates it by reference as if repeated herein verbatim. *See* Doc. 40, at 1-13. In its May 16, 2019 Opinion, the court granted in part and denied without prejudice in part State Farm's Opposed

Motion to Deposit Interpleader Fund into the Court Registry and for Dismissal with Prejudice (Doc. 8). Specifically, the court granted State Farm's motion with respect to its request to deposit the Policy funds into the Registry of the court; and granted *to the extent* that State Farm is, hereby, discharged of any and all liability in connection with respect to any counterclaim asserted by Ms. Cannon or Mae Katheryn Bryant (Ms. Bryant) regarding their entitlement to recover the Policy proceeds, State Farm's investigation of their insurance claims, and its decision to bring this interpleader action in lieu of deciding which of the two claimants are entitled to recover the Policy Proceeds. The court denied State Farm's request to be discharged from liability for counterclaims pertaining to matters that are independent of the claimants' entitlement to the Policy proceeds or handling of the insurance claims.[1]

In that same opinion, the court struck Ms. Cannon's Plea to the Jurisdiction, First Amended Answer, Constitutional Challenge to Texas Family Code Section 9.301, Suit for Declaratory Judgment, Counter-Claim, and Third-Party Claim (Docs. 19 & 19-1), for the same reasons set forth in the court's December 3, 2018 order striking Ms. Cannon's First Amended Answer and Third-Party Claim (Doc. 9). The court, however, granted Ms. Cannon's Motion for Leave (Doc. 24) *to the extent* that she could file an amended pleading that included an amended answer and amended counterclaims against State Farm that pertain to matters *other than her entitlement to recover the Policy proceeds or State Farm's conduct in handing her insurance claim*. The court further permitted Ms. Cannon to amend her pleadings to add a crossclaim against Ms. Bryant that includes any theory of relief that supports her contention that she, rather than Ms. Bryant, is entitled

---

[1] The court provided as an example of a counterclaim independent of the counterclaimants' entitlement to the Policy funds, a counterclaim against State Farm for issues concerning its handling of Decedent's beneficiary designations and Ms. Cannon's allegation that State Farm is liable for negligence or negligent misrepresentations made in connection with allegedly misleading or inaccurate representations by it for its failure to advise Decedent or Ms. Cannon regarding the requirements under the Policy and Texas law for redesignating former spouses.

**Memorandum Opinion and Order – Page 2**

to recover the Policy proceeds. The court also instructed Ms. Cannon that she was to specify with respect to each claim included in her amended pleading whether the claim is against State Farm or Ms. Bryant or both, and the claims against State Farm had to be set forth in separate sections from the claims against Ms. Bryant. Additionally, the court instructed Ms. Cannon that any amended pleading was required to conform with this court's Memorandum Opinion and Order of May 16, 2019, and, *to the extent that she failed to comply with the court's directive, the noncompliant portion of her pleadings would be stricken without further notice*. Moreover, the court admonished the parties that failure of any party to comply with the court's orders, the Local Civil Rules for this district, or the Federal Rules of Civil Procedure would result in the noncompliant filing being stricken without notice or the imposition of other sanctions against the noncompliant party, attorney, or both, as deemed appropriate by the court.

On May 31, 2019, Ms. Cannon filed her First Amended Answer, Cross-Claim, Suit for Declaratory Judgment, Counter-Claim, and Constitutional Challenge to Texas Family Code Sec. 9.301 ("Amended Answer") (Doc. 42). Specifically, she asserted the following counterclaims against State Farm: (1) negligence against State Farm for "failing to assure Ms. Cannon's status as the primary beneficiary under Decedent's policy" and "forc[ing] her to litigate with Decedent's successor beneficiary;" (2) negligent misrepresentation against State Farm for misleading statements regarding the Texas Family Code and its applicability to the designation of ex-spouses as a beneficiary; (3) breach of contract against State Farm for failure to honor the contract between Decedent and State Farm by failing to pay the insurance proceeds to her as the primary beneficiary; and (4) common law and statutory bad-faith counterclaims under Sections 154.060 and 154.061 of the Texas Insurance Code for its lack of clarity in handling of the insurance proceeds at issue and failure to pay them to her as the primary beneficiary.

In the court's May 30, 2020 Opinion, the court granted State Farm's Rule 12(b)(6) Motion to Dismiss with respect to the breach of contract counterclaim asserted by Ms. Cannon against it and dismissed that counterclaim with prejudice. The court found that Ms. Cannon's inclusion of a contract counterclaim in her amended pleading violated Texas interpleader law. The court also found that the counterclaim violated the court's May 16, 2019 Opinion denying Ms. Cannon's request to amend her pleading to assert a contract counterclaim against State Farm based on her contention that she is entitled to recover the Policy proceeds, as such a counterclaim goes to the heart of the interpleader action and the issue of whether Ms. Cannon or Ms. Bryant is entitled to recover such proceeds. Additionally, the court denied State Farm's Rule 12(b)(1) Motion to Dismiss to the extent that it was based on constitutional standing and denied without prejudice the motion to the extent that it was based on prudential standing.

On June 30, 2020, State Farm filed its Amended 12(b)(6) Motion, seeking dismissal of all counterclaims asserted in Ms. Cannon's Amended Answer, asserting that these counterclaims lack prudential standing and are in direct violation of the court's order of May 16, 2019. Specifically, State Farm contends that Ms. Cannon: (1) lacks prudential standing to bring her negligence, negligent misrepresentation counterclaims, and bad faith and Texas Insurance Code counterclaims; (2) does not fall into the prudential standing exception; and (3) alleges several damages that are disallowed under Texas law.

On July 21, 2020, Ms. Cannon filed her Response, arguing that, as a third-party beneficiary, she has the right to bring counterclaims of negligence and negligent misrepresentation against State Farm. On the basis that State Farm had not "denied" Ms. Cannon's claim, she concedes her cause of action for bad faith. Ms. Cannon maintains, however, that Decedent intended, by and through his life insurance policy, to insure his life for her benefit as primary beneficiary. She also

contends that her vested third-party beneficiary status gives her prudential standing to assert her counterclaims. Ms. Cannon argues that she is not in defiance of the court's orders because she is seeking tort damages for the loss she incurred because of State Farm's alleged conduct, not "policy proceeds" as referenced by the court. Ms. Cannon also raises brief procedural arguments that State Farm waived its prudential standing argument by not timely raising it and took unauthorized liberty to attack her pleadings on consequential damages, payment of debts, and actual damages. She requests that the court lift the stay on discovery so that she can consider more documents to assist in making her counterclaims.

On August 4, 2020, State Farm filed its Reply. State Farm reiterates that it first raised the issue of prudential standing in its Rule 12(b)(1) motion to dismiss which the court denied without prejudice to the extent that it was based on prudential standing. The court observed that prudential standing should be analyzed under the standard applicable to Rule 12(b)(6) and contemplated an amended motion under Rule 12(b)(6) if State Farm opted to file one by the deadline. State Farm argues that, by contending she is a third-party beneficiary, Ms. Cannon is clearly asserting entitlement to Policy proceeds in violation of the court's order. State Farm maintains that she is not actually seeking "damages" because, in her Amended Complaint, she wrote that State Farm breached its contract with Decedent by failing to pay the Policy proceeds to her as Decedent's primary beneficiary. State Farm counters that it has the right to address all allegations Ms. Cannon made in her live pleading since those allegations violate the court's order and are necessarily not plausible counterclaims for relief. State Farm asks the court to deny Ms. Cannon's request to conduct discovery in the face of its Motion, as such a request defies the purpose of Rule 12(b)(6).

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a counterclaim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A counterclaim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any

documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] counterclaims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid counterclaim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable counterclaim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a counterclaim upon which

relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a counterclaim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Analysis

### A. Violation of the Court's Orders

In its May 30, 2020 Order, the court granted State Farm's Rule 12(b)(6) Motion to Dismiss with respect to Ms. Cannon's breach of contract counterclaim and denied State Farm's Rule 12(b)(1) Motion to Dismiss to the extent that it was based on constitutional standing. Mem. Op. & Order 16. The court denied without prejudice State Farm's 12(b)(1) Motion to Dismiss to the extent that it was based on prudential standing. *Id.* In so doing, the court invited State Farm to make its prudential standing argument in full, in a timely filed amended 12(b)(6) motion. State Farm followed the court's order and its Motion based on prudential standing is properly before the court.

State Farm correctly recites the court's unequivocal order disallowing Ms. Cannon from asserting any counterclaims against State Farm in her amended pleading that pertain to her claim to recover the Policy proceeds or State Farm's alleged wrongful denial of that claim. Ms. Cannon asserts her standing as follows:

> Ms. Cannon has standing to bring the cross-claims against Ms. Bryant and counter-claims against State Farm individually and as a third-party beneficiary. "An intended third party beneficiary is either a donee or creditor beneficiary of a contract and not merely benefitted incidentally by the performance of a contract. An intended third party beneficiary can sue on a contract. Ms. Cannon is donee of the life insurance policy in this case.

Def.'s Am. Compl., Doc. 42 at 15, ¶ 47 (citations omitted). State Farm contends that Ms. Cannon's attempt to establish standing by way of her status as a "third-party beneficiary" as well as referring

to herself as the "primary beneficiary of the policy" throughout her allegations is equivalent to making additional pleadings based on her entitlement to recover the Policy proceeds. Def.'s Mot. Dismiss Doc. 58 at 6. The court agrees.

Under Texas law, a third-party beneficiary is someone who was not privy to a contract, but for whose benefit a contract was made and for whom the contracting parties intended to benefit. *Talman Home Fed. Sav. & Loan Ass'n of Illinois v. Am. Bankers Ins.,* 924 F.2d 1347, 1350 (5th Cir. 1991). Pursuant to the factual and procedural history of this case, the question as to whom Decedent's life insurance policy was intended to benefit remains unresolved and is pending before the court. Further, the court has already instructed Ms. Cannon that any counterclaim with respect to Policy proceeds is to be made against Ms. Bryant, not State Farm. May 16, 2019 Mem. Op. & Order 22. The Policy funds at issue have been interpleaded for the express purpose of, not only to allow the court to determine which of the claimants is entitled to the Policy proceeds, but also to determine negligence or misrepresentations related to the handling or mishandling of the Insured's beneficiary designation *regardless* of Ms. Cannon's entitlement to the proceeds. *Id.* at 24. That Ms. Cannon continues to pursue the issue of entitlement even in her counterclaims, which are supposed to provide an independent basis and opportunity for recovery, is to her detriment. Because the court has not yet determined whether the Insured intended for his ex-wife to be the third-party beneficiary to the policy, Ms. Cannon's assertion of standing based on her third-party beneficiary status is barred by the interpleader remedy because it is not "truly independent of who [is] entitled to the life insurance proceeds." *Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 262 (5th Cir. 2018) (per curiam) (quoting *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 264 (3d Cir. 2009). As a result, Ms. Cannon fails to state counterclaims upon which relief can be granted.

Additionally, Ms. Cannon characterizes the losses she incurred because of State Farm's alleged negligence and negligent misrepresentation strictly in terms of her loss to entitlement. In her negligence counterclaim, she contends that State Farm proximately caused damages to her as a third-party beneficiary and primary beneficiary of the Policy by negligently failing to assure her status as the primary beneficiary under Decedent's policy. Def.'s Am. Compl., Doc. 42 at 28, ¶¶ 96-97. In her negligent misrepresentation counterclaim, Ms. Cannon states that "if [she] is not awarded one hundred per cent (100%) of the insurance policy proceeds identified by this Court, her damages will also include the loss of any portion of the life insurance proceeds." Def.'s Am. Compl., Doc. 42 at 30-31, ¶ 109. In commenting on the sum that Ms. Cannon was able to recover as damages for its tort counterclaims asserted, the court determined that her request for damages was not limited to the amount of the Policy fund. May 30, 2020 Mem. Op. & Order 15. The court observed that damages for counterclaims asserted based on tort theories might very well equal or exceed the amount payable under the insurance policy. *Id.* The court maintained, however, that, while the sums requested under tort theories might be equivalent to those sought pursuant to the insurance policy, she was not permitted to assert an entitlement to the benefits payable under the insurance policy as the policy beneficiary. *Id.*

As a result, Ms. Cannon is barred from asserting damages that include a portion of the insurance policy proceeds. Her attempt to convince the court that her use of the term "life insurance proceeds" is limited to "the amount of the loss incurred by State Farm's negligence" is unavailing when she defines State Farm's negligence strictly in terms of its failure to give her the proceeds and prevent litigation. Co-Pl.'s Resp. 20. Rather than limit her request to damages that she may have incurred for storage rental, funeral costs, and other fees, Ms. Cannon continues to put forth

thinly veiled assertions of entitlement to Policy proceeds at every turn, in direct defiance of the court's May 19, 2019 Order.

Ms. Cannon's continued failure to comply with the court's orders as specified in its two prior orders is unacceptable. In its May 19, 2019 Order, the court warned, "Ms. Cannon's failure to comply with this memorandum opinion and order in amending her pleadings will result in the noncompliant portion of her pleadings being stricken without further notice." *Id.* at 50. In its May 30, 2020 Order, the court granted State Farm's motion to dismiss Ms. Cannon's breach of contract counterclaim and dismissed it with prejudice on the ground that her counterclaim was "based on her contention that she was entitled to recover the Policy proceeds, as such a counterclaim went to the heart of the interpleader action and the issue of whether Ms. Cannon or Ms. Bryant is entitled to recover such proceeds." Mem. Op. & Order 15. Here, the court will follow its earlier ruling and dismiss with prejudice Ms. Cannon's negligence and negligent misrepresentation counterclaims.

### B.  Prudential Standing

State Farm highlights how, in Ms. Cannon's negligence and negligent misrepresentation counterclaims, she makes many enumerated allegations regarding State Farm's reckless disregard of Decedent's rights and failure to distribute the proceeds of his insurance policy in accordance with his expressed intent. Def.'s Am. Compl., Doc. 42 at 25, ¶ 93; 30, ¶ 108. In numerous paragraphs, Ms. Cannon describes alleged injuries against Decedent that disrupted his intention to confer the benefits of his life insurance policy directly on her, including, but not limited to, State Farm's failure to provide professional service to Decedent; failure to provide to Decedent information about the policy and beneficiary designation; and failure to provide correct information. Co-Pl.'s Resp. 17.

To establish standing, a plaintiff must satisfy constitutional and prudential requirements for standing. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). Prudential standing requirements address:

> [(1)] whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, [(2)] whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and [(3)] whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (internal quotation marks and citations omitted). A plaintiff may obtain standing through an assignment of a cause of action. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000). Further, the Supreme Court allows exceptions to these requirements when the party seeking third-party standing has a close relationship with the person who possesses the legal right or interest and when there is a hindrance to the possessor's ability to protect his own interests. *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004). Here, these exceptions cannot apply because there is a live dispute over whom the proper party is to assert third-party standing or beneficiary status.

Ms. Cannon's presumptuous reliance on her third-party beneficiary status to make her negligence and negligent misrepresentation counterclaims is, ultimately, fatal to her counterclaims. Under Texas law, when determining whether a third party can enforce a contract, the intention of the contracting parties in controlling. *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.,* 995 S.W.2d 647, 651 (Tex. 1999). In this case, the intention of Decedent is precisely what is before the court in the interpleader action. The court has not yet determined whether Ms. Cannon is the intended third-party beneficiary, and she cannot successfully base her standing on a disputed issue. As a result of violating the court's order, Ms. Cannon lacks prudential standing.

The court, having decided that Ms. Cannon is in violation of the court's order and lacks standing to bring her negligence and negligent misrepresentation counterclaims, need not address whether she can recover damages under Texas law.

## IV. Conclusion

For the reasons explained, the court **grants** State Farm's Rule 12(b)(6) Motion to Dismiss (Doc. 43) with respect to Ms. Cannon's negligence, negligent misrepresentation, and bad faith counterclaims, and they are **dismissed with prejudice**. The **stay** of discovery ordered by the court (Doc. 38) **remains** in place, which applies to all discovery in this case, unless the parties otherwise agree among themselves to participate in discovery.

**It is so ordered** this 31st day of March, 2021.

Sam A. Lindsay
United States District Judge