IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AMY CANNON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-1628-L** |
| | § | |
| **MAE KATHERYN BRYANT,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Plaintiff Amy Cannon's Rule 12(b)(6) Motions to Dismiss Counterclaims (Docs. 104, 106), filed November 16, 2021, and November 17, 2021; Plaintiff's Requests to Continue Discovery (Docs. 115, 137), filed December 2, 2021, and January 6, 2022; and Defendant Mae Katheryn Bryant's Motion for Summary Judgment (Doc. 129), filed December 16, 2021. After considering the motions, briefs, admissible summary judgment evidence, the file, record, and applicable law, the court **denies** Plaintiff Amy Cannon's Rule 12(b)(6) Motions to Dismiss Counterclaims (Docs. 104, 106); **denies** Plaintiff's Requests to Continue Discovery (Docs. 115, 137); and **grants** Defendant Mae Katheryn Bryant's Motion for Summary Judgment (Doc. 129).

## I.      Factual and Procedural Background

This action was originally filed on June 22, 2018, as an interpleader action by State Farm Insurance Company ("State Farm") regarding a $300,000 life insurance policy ("Policy") issued by State Farm on June 1, 2013, under which Amy Cannon's ("Plaintiff" or "Ms. Cannon") deceased ex-husband and Katheryn Mae Bryant's ("Defendant" or "Ms. Bryant") son, Enoch D. Bryant, Jr. (the "Decedent" or the "Insured"), was the Insured. Ms. Cannon and Ms. Bryant both submitted

claims to recover the Policy proceeds after the Insured's death on April 4, 2018.  Ms. Bryant asserts that she is entitled to the Policy proceeds as the successor beneficiary under the Policy and as the mother and heir of her son because the Insured's and Ms. Cannon's January 22, 2016 divorce decree did not designate Ms. Cannon as a beneficiary under the Policy, and the Insured did not redesignate Ms. Cannon as his beneficiary under the Policy after their divorce as required by Texas law and section 9.301 of the Texas Family Code. Ms. Cannon disagrees and contends that she is entitled to the Policy proceeds as the primary beneficiary under the Policy. Alternatively, she asserts that section 9.301's redesignation language and requirement are unconstitutionally vague for lack of a definition for explanation as to what is required to redesignate a former spouse as a beneficiary and should not be considered in determining whether she is entitled to recover the Policy proceeds.

After Ms. Cannon and Ms. Bryant both submitted competing claims asserting rights to the Policy proceeds in April and May of 2018, State Farm filed this interpleader action and was granted permission to deposit the Policy proceeds into the registry of the court (Doc. 40).  Ms. Cannon initially focused her litigation efforts in this action against State Farm, State Farm insurance agent Judy Buckley, and Texas Attorney General Ken Paxton, and asserted claims against all of them. Judy Buckley and Ken Paxton were dismissed from the suit as a result of the court's December 3, 2018 order (Doc. 23) *sua sponte* striking Plaintiff's First Amended Answer and Third-Party Claim (Doc. 9) for failure to comply with Federal Rule of Civil Procedure 15.  Ms. Cannon's claims against State Farm were dismissed with prejudice as a result of two separate memorandum and opinion orders (Docs. 40, 65), and judgment was entered in State Farm's favor as to such claims, pursuant to Federal Rule of Civil Procedure 54(b), on April 21, 2021.  The court then realigned the parties April 23, 2021, with Ms. Cannon as Plaintiff and Ms. Bryant as Defendant, and entered

a Scheduling Order (Doc. 72) that included the following deadlines: amendment of pleadings by June 15, 2021; and completion of all discovery by October 1, 2021; with dispositive motions due by October 15, 2021.

On September 23, 2021, the court scheduled a hearing for November 2, 2021, to address some confusion created by the parties' new pleading amendments that were filed without leave of court and certain questionable emergency motions for default judgment filed by Plaintiff.  The day before the hearing, Plaintiff withdrew her default judgment motion and two related motions for leave to supplement the appendix she filed in support of the default judgment motion.  During the hearing, the court expressed frustration with Plaintiff's counsel's habit of filing motions of questionable merit and her repeated failure throughout this case to adhere to the court's orders, the Federal Rules of Civil Procedure, and the Northern District or Texas's Local Civil Rules. These failures unnecessarily strained scarce judicial resources and delayed the proceedings in this case. During the hearing, Plaintiff's counsel also raised concerns regarding discovery.  To accommodate Plaintiff, the court revived and continued the then-expired deadline to complete discovery to December 3, 2021, but it warned that discovery would not be further continued. After the hearing, the court entered an Amended Scheduling Order on November 2, 2021 (Doc. 97), reflecting that extension. The Amended Scheduling Order also continued the deadline for filing dispositive motions to December 17, 2021.

On November 8, 19, 22, and 23, 2021, Plaintiff filed Notices to depose State Farm's corporate representative, which State Farm moved to quash on November 29, 2021.  State Farm also sought relief in the form of a protective order.  On November 30, 2021, the court quashed the deposition scheduled by Plaintiff to take place that same day and the subpoena issued for such

deposition but referred to the magistrate judge for expedited consideration and determination the remaining discovery issues raised by State Farm's motion.

On December 2, 2021, before briefing on State Farm's motion was complete, Plaintiff filed her motion to amend the scheduling order to further extend the deadline to complete discovery to January 4, 2022, on the grounds that she needed "additional time to complete the already started process of obtaining a deposition or questions in lieu of deposition from State Farm."  Doc. 115. In an apparent attempt to side-step the court's decision to quash her deposition notices and avoid any further unfavorable rulings by the undersigned, Plaintiff's counsel also submitted a letter to the clerk of the court that included an unusual request for the clerk to refer her motion to the magistrate judge based on the assertion that it pertained to the discovery dispute surrounding State Farm's motion to quash and request for a protective order.  This request prompted the court to enter an order later that same day (Doc. 117) explaining that, because Ms. Cannon's motion was opposed by Ms. Bryant, it would not rule on the motion until after it was briefed.  The order further explained that, notwithstanding counsel's suggestion to the contrary, the court did not consider Plaintiff's motion to amend the scheduling order to continue the discovery deadline to be procedurally related to non-party State Farm's motion that was referred on November 30, 2021, to the magistrate judge for determination.

After briefing on State Farm's motion was complete, the magistrate judge conducted a hearing on the motion.  An electronic order was entered on December 22, 2021, granting the motion and relief sought by State Farm for the reasons stated during the hearing.  This ruling by the magistrate judge was not appealed by Plaintiff.

In the meantime, Defendant moved on December 16, 2021, for summary judgment on her and Ms. Cannon's claims to recover the Policy proceeds, as well as Ms. Cannon's constitutional

challenge to section 9.301 of the Texas Family Code.  On January 6, 2022, Plaintiff filed her response to the summary judgment, which includes another request to continue discovery.  Four days later, Plaintiff moved on January 10, 2022, for leave to exceed the page limit for her previously filed summary judgment response.  She also requested to file an amended signed affidavit because her prior affidavit that was filed as part of the appendix to her summary judgment response was unsigned. To avoid unnecessary delay and briefing on yet another issue created by Plaintiff's counsel, the court addressed these requests by separate order on January 14, 2022, without awaiting a response by Ms. Bryant.  No reply in support of the summary judgment motion was filed.

For the reasons herein explained, Ms. Cannon has not established her entitlement to additional discovery that would further delay the resolution of this litigation unnecessarily, and Ms. Bryant is entitled to judgment as a matter of law on both parties' claims.

## II.     Plaintiff's Requests to Continue Discovery (Docs. 115, 137)

### A.     Motion to Extend Discovery and Amend Scheduling Order (Doc. 115)

Notwithstanding the court's warning about additional discovery extensions, Plaintiff moved one month later on December 2, 2021, for a further extension of the discovery deadline from December 3, 2021, to January 4, 2022, to give her additional time to depose State Farm and obtain records.  Realizing that her request would also necessitate a continuance of the trial,[1] she also requested that the court make necessary adjustments to the scheduling order and trial setting

---

[1] The amended Scheduling Order entered in this case on November 2, 2021 (Doc. 97) required the parties: (1) to complete all discovery and file any dispositive motions in advance of the March 2022 trial setting; and (2) request a continuance of the trial setting if modification of the discovery and dispositive motion deadlines was sought. Normally, to give the court sufficient time to rule on any pending motions before trial, it requires discovery to be completed five months before the trial setting, and that any dispositive motions be filed as least four and one-half months before the trial setting; however, because of the lateness of the discovery issues raised by Plaintiff during the November 2, 2021 hearing and the age of this case, the court opted to continue the discovery deadline to accommodate Plaintiff without continuing the trial.

scheduled for March 2021, to the extent necessary to accommodate her requested discovery extension. The court determines for the reasons that follow that this motion by Plaintiff will be denied.

On November 2, 2021, the court previously revived and extended the then-expired October 1, 2021 deadline to December 3, 2021, to address the concerns raised by Plaintiff during the in-person hearing held on November 2, 2021, regarding outstanding discovery. Plaintiff, nevertheless, asserts that it is unclear to her why the court "sua sponte revised" the scheduling order and extended the October 1, 2021 discovery deadline to December 3, 2021. Def.'s Br. 2 (Doc. 116). Additionally, she asserts that she "believes" the court extended the deadline to complete discovery because of the discovery requests she made on June 15, 2021, to State Farm to produce "business records/custodian of records and State Farm's October 7, 2021 submission of Business Records Affidavit at the request of Defendant." *Id.* From this, it appears from this assertion Plaintiff is implying that, although she acted diligently in requesting records from State Farm as early as June 2021, her discovery requests were rebuffed by State Farm, whereas State Farm agreed to produce the same records in response to a request by Defendant. If these records were produced approximately 2 months before Plaintiff filed her motion, it is not readily apparent why this is relevant to her current request for a further extension of the discovery deadlines.

Plaintiff also argues that she acted diligently in attempting to obtain records, presumably different records, from State Farm by approaching State Farm in June 2021, but she was advised by State Farm that continued similar attempts by her would be perceived as harassment, and it would seek sanctions against her. She asserts that she "approach[ed] State Farm" again on October 29, 2021, and served State Farm on November 2, 2021, with a Request for Production of documents and a Notice to depose State Farm's corporate representative on November 30, 2021,

**Memorandum Opinion and Order – Page 6**

but such efforts were declined by State Farm, who moved to quash her deposition notice and subpoena. *Id.* at 3. Plaintiff further asserts that she and State Farm discussed the possibility of State Farm answering questions in lieu of a corporate representative deposition, but State Farm would not commit to providing requested responses to her written questions before the December 3, 2021 discovery deadline.

Plaintiff contends that she needs the records sought from State Farm because it "is the only entity with evidence of documents signed and/or submitted by its policy holder, Enoch Bryant, Jr., Deceased." Pl.'s Br. 4 (Doc. 116). In addition, she contends that information regarding the "meaning of terms, underwriting actions, forms, dates of events, and decisions from State Farm are key and will provide" the court with information necessary to determine who is entitled to recover the Policy benefits. *Id*. Plaintiff contends that Defendant will not be prejudiced because the requested extension, if granted, will necessarily require the court to review and adjust the current scheduling order, the trial setting, and other deadlines accordingly. Plaintiff, therefore, argues that she has established good cause for the requested discovery extension, and it is not her intent to delay the proceedings in this case.

Before the court can modify a scheduling order, the movant must first show "good cause" under Rule 16(b)(4) for the inability to meet the scheduling order deadline. *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (internal quotation marks and citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: "(1) the explanation for the party's [inability] to meet

the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Id.* at 536 (internal quotation marks, brackets, and citations omitted).

Defendant contends that Plaintiff has not shown good cause under Rule 16(b) or excusable neglect under Federal Rule of Civil Procedure 6(b) for her failure to obtain a deposition or written discovery, even though she had more than sufficient time to do so before the discovery deadline that was extended to December 3, 2021. Defendant asserts that, other than sending a few e-mails to State Farm's counsel after entry of the First Amended Scheduling Order entered on April 23, 2021, Plaintiff has not shown that she acted diligently or undertook reasonable efforts to obtain the discovery she now seeks by the original or extended deadlines for completing discovery. Defendant contends that, in any event, State Farm voluntarily produced its entire claim file early in the case on October 29, 2018, that included numerous persons with knowledge of State Farm's claims, policies, and procedures; that it produced these same records to both parties on October 7, 2021, together with a business records affidavit.  In addition, Defendant contends that Plaintiff could have moved to compel discovery from State Farm, as suggested by the court during the November 2, 2021 hearing, but she did not do so. Defendant argues that, instead of focusing on discovery, Plaintiff has wasted time by filing meritless motions for default judgment and numerous other frivolous filings that have delayed the resolution of this litigation.  The court agrees.

Early in the case, Ms. Cannon did attempt to obtain discovery from State Farm and noticed depositions, but the court granted State Farm's request to stay discovery pending resolution of its request to deposit the Policy funds into the court's registry and be dismissed from the action because of the interpleader nature of the action. Determinations such as this in interpleader actions are generally straightforward, but the first few years of this case were unnecessarily mired with

delays caused by Ms. Cannon and her counsel. Plaintiff's continued persistence in—asserting claims against State Farm not cognizable under Texas law in interpleader actions; suing Texas Attorney General Ken Paxton without following the appropriate procedural rules; creating confusion by filing multiple duplicative copies of documents and filing documents electronically using incorrect descriptions of the documents; and failing to comply with the court's orders and applicable rules of procedure—delayed discovery and other proceedings in this case until the court could rule on State Farm's and Ken Paxton's motions to dismiss.

Notwithstanding the early disruptions and delays, Plaintiff had sufficient time to conduct discovery between April 23, 2021, and December 3, 2021. Except for Plaintiff's chaotic conduct and attempt to create confusion by continually focusing on and shifting the blame to State Farm, the issue in this case—who is entitled to recover the Policy funds—and the law pertaining to this issue are straightforward. The conclusory assertions in Plaintiff's motion are insufficient to establish the importance of amending the scheduling order to give her additional time to obtain discovery from State Farm. It is not even clear what additional documents or information Plaintiff believes that State Farm possesses that has not been produced or why any such discovery would be relevant to the issues before the court. Thus, the court is not convinced the discovery sought will assist its determination as to whom is the rightful beneficiary under the Policy, which will turn in large part on its interpretation of the applicable statutes and the Policy, as a matter of law. Either the Deceased redesignated her as his primary beneficiary as required by Texas law and the Policy, or he did not. State Farm is not on trial here. It is no longer a party to this action, and any information Plaintiff could obtain from it would not affect the court's ruling regarding the constitutionality of Texas's statutory redesignation requirement.

Moreover, State Farm previously represented to the court in its motion to quash and request for a protective order that it: (1) "voluntarily produced its claim file (State Farm Claim file 1-165) and the Policy (State Farm Policy 166-180) to all parties on October 29, 2018"; (2) "provided the parties a business records affidavit authenticating the file on October 7, 2021"; and (3) produced to both claimants in January 2019 an affidavit by State Farm insurance agent Judy Buckley and associated documents.  State Farm Mot. to Quash 1, 5 & nn.1-2. The court agreed with State Farm that one business days' notice for the requested deposition and numerous corporate representative questions posed was unreasonable and quashed the subpoena and deposition that Plaintiff noticed for November 30, 2021.  Plaintiff did not seek reconsideration of this order.

The remaining issues posed by State Farm's motion were referred for determination by the magistrate judge, who similarly ruled in State Farm's favor, and Plaintiff did not appeal or seek reconsideration of either ruling. Plaintiff could have, but never sought to compel State Farm to produce a corporate representative for deposition or any discovery even though, according to her motion, State Farm rebuffed her attempts at obtaining discovery as early as June 2021. Accordingly, Ms. Cannon has not shown that she exercised diligence in seeking the discovery that she now requests additional time to obtain in her motion that was filed on the eve of the discovery deadline, and she has not established the importance of the discovery sought to the remaining issues that the court must decide.  In sum, she has not provided the court with an adequate explanation for her failure to complete discovery by the deadline ordered, even though the court granted her a one-month extension.

The court also agrees with Defendant that another extension of the deadline to complete discovery will only serve to further delay the proceedings and increase the costs of litigation in this case unnecessarily, resulting in prejudice to Mr. Bryant because, at some point, "justice

delayed is justice denied." *In re United States ex rel. Drummond*, 886 F.3d 448, 450 (5th Cir. 2018) (citation omitted).  Further, to ensure justice is not delayed, "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'"[2] even if doing so involves "refusing to give ineffective litigants" multiple continuances or "a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land and Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997).

For all of these reasons, the court **denies** Plaintiff's Motion to Extend Discovery and Amend Scheduling Order (Doc. 115) that was filed on December 2, 2021, one day before expiration of the extended deadline to complete discovery.

### B.     Adequacy of Discovery in Responding to Summary Judgment Motion

In her January 6, 2022 response to Defendant's summary judgment motion, Plaintiff again requests additional time to conduct discovery.  She implies that she was not given an adequate opportunity to engage in discovery early in the case, as needed, to support her claims against State Farm.  She also asserts that State Farm rejected her attempt on June 15, 2021, and October 29, 2021, to obtain discovery, but on October 7, 2021, it voluntarily provided to both parties a business records affidavit in response to an informal request by Ms. Bryant.  Ms. Cannon contends in conclusory fashion that "[a]dditional discovery is needed from State Farm which is for the benefit of all parties, the Court and so that justice may be done."  Pl.'s Summ. J. Resp. Br. ¶ 68.

This is essentially the same argument that Plaintiff made in support of her December 2, 2021 Motion to Extend Discovery and Amend Scheduling Order (Doc. 115), which fails for the reasons already explained.  This argument also fails to satisfy Federal Rule of Civil Procedure

---

[2] *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. North. Am. Co.*, 299 U.S. 248, 254 (1936)).

56(d).  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court may defer consideration of or deny the motion, allow time for discovery, or issue any other appropriate order if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion.  Fed. R. Civ. P. 56(d). "When a party requests a continuance of a summary judgment motion to conduct discovery, the moving party must (1) demonstrate specifically how the requested discovery pertains to the pending motion, and (2) diligently pursue relevant discovery*." Binh Hoa Le v. Exeter Fin. Corp*., 990 F.3d 410, 413 (5th Cir. 2021) (quotation omitted).  Plaintiff has not shown that she diligently pursued relevant discovery or how the additional discovery she seeks from State Farm pertains to Defendant's summary judgment motion; nor has she submitted an affidavit or declaration in support of what appears to be another request for an extension of time to conduct discovery before the court rules on Defendant's summary judgment motion.  Accordingly, to the extent Plaintiff seeks a continuance, pursuant to Rule 56(d), such request is **denied**.

## III.    Defendant's Motion for Summary Judgment (Doc. 129)

Ms. Bryant has moved for summary judgment on her counterclaim to recover the Policy benefits; Plaintiff's claim to recover the policy benefits; and Plaintiff's alternative constitutional challenge to section 9.301(a)(2) of the Texas Family Code.  For the reasons that follow, the court determines that Defendant is entitled to judgment as a matter of law on both parties' claims to the Policy benefits and Plaintiff's constitutional challenge.

### A.    Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita*, 475 U.S. at 587.  (citation omitted).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions,

improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.  *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.  Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Id*.  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

### B.      Discussion

Before discussing the parties' respective contentions regarding their entitlement to the Policy proceeds, the court addresses Plaintiff's challenge to the constitutionality of section 9.301 of the Texas Family Code.

### 1.      Constitutionality of Section 9.301

#### a.      The Parties' Contentions

In her pleadings, Plaintiff requests that the court "find section 9.301 unconstitutional and as such rule that [she] is the primary beneficiary" under the Policy.  Pl.'s Compl. ¶ 139 (Doc. 42).[3]

---

[3] On April 23, 2021, after the court dismissed State Farm from this action and entered an amended scheduling order that realigned the parties with Ms. Cannon as Plaintiff and Ms. Bryant as Defendant, Ms. Bryant filed her "First Amended Original Answer and First Amended Counterclaim" (Doc. 73) on June 15, 2021, in response to a "First Amended Answer, Crossclaim, Suit for Declaratory Judgment, Counterclaim, and Constitutional Challenge to Texas

She contends that section 9.301 of the Texas Family Code is unconstitutionally vague "**as applied**," as it "fails to define 're-designation,'" or "identify what is meant by 're-designation'" and thereby "creates confusion to citizens and to the Courts."  *Id.* ¶ 134 (emphasis added) (citing *Sever v. Massachusetts Mut. Life Ins. Co.*, 944 S.W.2d 486, 490 (Tex. App.—Amarillo 1997, pet. denied) (citing the predecessor statute Tex. Fam. Code Ann. § 3.632).  Plaintiff contends that, if the word redesignate is left undefined, section 9.301 or, more specifically, section 9.301(a)(2) of the Texas Family Code "becomes unconstitutional on the basis that it will be applied inconsistently."  Pl.'s Compl. ¶ 135. Plaintiff cites *United States v. Clark*, 582 F.3d 607, 612 (5th Cir. 2009), for the propositions that: (1) a statute is unconstitutionally vague if it is "impermissibly vague in all its applications, 'including its application to the party bringing the vagueness challenge'"; and (2) "[a] statute violates the Due Process Clause of the Fourteenth Amendment if

Family Code Sec. 9.301" (Doc. 42) that was previously filed by Ms. Cannon on May 31, 2019. This May 31, 2019 pleading included Ms. Cannon's First Amended Answer to State Farm's interpleader Complaint; crossclaims against Ms. Bryant; and counterclaims against State Farm.  On June 28, 2021, Ms. Cannon filed her "First Amended Original Petition, Original Answer to Counterclaim by . . . Bryant, Suit for Declaratory Judgment and Constitutional Challenge to Texas Family Code Sec. 9.301" (Doc. 74).  Because neither party sought leave to amend their pleadings, the court entered an order on August 25, 2021 (Doc. 77), striking the amended pleadings (Docs. 73, 74).  Thereafter, Ms. Bryant sought and was granted leave to file her First Amended Original Answer and First Amended Counterclaim (Doc. 100), which was filed November 6, 2021.  Ms. Cannon also sought leave to amend her pleadings, but rather than seeking leave to file the pleading that was stricken by the court, she sought to amend her May 31, 2019 Answer to State Farm's interpleader Complaint.  After conducting a hearing on the matter and the state of the pleadings, the court denied as moot this motion because State Farm was no longer a party to the action.  After this ruling, Plaintiff did not subsequently seek to file an amended complaint that limited her allegations and claims for relief to Ms. Bryant, and neither party amended their pleadings again.  As a result, the only remaining live pleadings consist of: (1) Ms. Cannon's May 31, 2019 "First Amended Answer, Crossclaim, Suit for Declaratory Judgment, Counterclaim, and Constitutional Challenge to Texas Family Code Sec. 9.301" (Doc. 42), which as noted includes her claim her against Ms. Bryant to recover the Policy proceeds and her constitutional challenge to section 9.301; and (2) Ms. Bryant's First Amended Original Answer and First Amended Counterclaim (Doc. 100), which again responds to Ms. Cannon's May 31, 2019 "First Amended Answer, Crossclaim, Suit for Declaratory Judgment, Counterclaim, and Constitutional Challenge to Texas Family Code Sec. 9.301" (Doc. 42).  Because the parties have proceeded as if Ms. Cannon's May 31, 2019 "First Amended Answer, Crossclaim, Suit for Declaratory Judgment, Counterclaim, and Constitutional Challenge to Texas Family Code Sec. 9.301" (Doc. 42) is the operative pleading as to her constitutional challenge and claim against Ms. Bryant to recover the Policy proceeds, the court likewise treats this pleading as Ms. Cannon's operative pleading and "Complaint" for purposes of ruling on Ms. Bryant's summary judgment motion, which seeks judgment as to both parties' to recover the Policy proceeds and the constitutional challenge asserted by Ms. Cannon in docket sheet number 42.

**Memorandum Opinion and Order – Page 15**

'men of common intelligence must necessarily guess at its meaning and differ as to its application.'" Pl.'s Compl. ¶¶ 134, 137.

Defendant construes these allegations by Plaintiff as a facial challenge to section 9.301. She asserts in her summary judgment motion that she is entitled to judgment as a matter of law on Plaintiff's facial challenge to section 9.301 because the term "redesignates" is not vague or ambiguous and, instead, has a commonly understood meaning. She further asserts that "a statute is not unconstitutionally vague merely because a company or an individual can raise uncertainty about its application to the facts of their case." Def.'s Summ. J. Br. 11 (citing *Ford Motor Co. v. Tex. Dep't of Transp*., 264 F. 3d 493, 509 (5th Cir. 2001); and *Stansberry v. Holmes*, 613 F.2d 1285, 1289 (5th Cir. 1980)).  In addition, Defendant argues that Plaintiff lacks standing in the form of a property interest to the Policy funds as needed to challenge section 9.301 on constitutionally vagueness or due process grounds.   Defendant contends that for due process purposes, "[a] provision need not be cast in terms that are mathematically precise; it need only give fair warning of the conduct prescribed, in light of common understanding and practices."   Def.'s Summ. J. Br. 11 (citation omitted).[4]

Like Plaintiff, Ms. Bryant relies on the Texas Court of Appeals' opinion in *Sever*.  She also cites the following cases, which she contends have all enforced the same redesignation requirement or similar language as that in section 9.301 of the Texas Family Code: *Sveen v. Melin*, 138 S. Ct. 1815, 1825 (2018); *Provident Life & Accident Ins. Co. v. Cleveland*, 460 F. App'x 359 (5th Cir. 2012); *Branch v. Monumental Life Ins. Co*., 422 S.W.3d 919, 924 (Tex. App.—Houston [14th

---

[4] This is a correct statement of law, but the case cited by Defendant, *Proctor v. Andrews*, 972 S.W.2d 729, 732-33, 737 (Tex. 1998) (per curiam), does not include this quoted language or anything resembling it.

**Memorandum Opinion and Order – Page 16**

Dist.] 2014, no pet.); and *Thrivent Fin. for Lutherans v. Smalley*, No. H-10-2738, 2011 WL 13261511 (S.D. Tex. July 16, 2011).

In responding to Defendant's summary judgment motion, Plaintiff continues to argue that section 9.301 is unconstitutionally vague because it does not define the word "redesignates." She contends that, because the term "redesignates" is not used in State Farm's life insurance policy,[5] it has "no meaning" and is a source of confusion for State Farm insureds, State Farm's insurance agents, and State Farm employees. Pl.'s Summ. J. Resp. Br. ¶ 56.  Plaintiff acknowledges that the cases cited by Defendant concluded that the former spouses were not entitled to recover as beneficiaries to life insurance policies because they were not redesignated post-divorce, but she contends that none of these cases is analogous.  Plaintiff also acknowledges that the Supreme Court in *Sveen* rejected a constitutional challenge to a Minnesota statute similar to section 9.301 on the grounds that redesignating a former spouse could be done easily and with minimal effort with the "stroke of a pen" by simply sending a change-of-beneficiary form to the insurer. *Id.* ¶ 55 (quoting *Sveen v. Melin*, 138 S. Ct. 1815, 1823-24 (2018)).[6]  Plaintiff, however, asserts that the requirement that redesignation be made in writing is not as obvious as the Court in *Sveen* assumes.

In addition, she argues that the Texas Court of Appeals in *Sever* clearly acknowledged that section 9.301 is vague by noting that the statute [former "Section 3.62 (now Section 9.301)"] does not set forth a procedure or method by which a beneficiary must be redesignated. Pl.'s Summ. J. Resp. Br. ¶ 55.  Plaintiff acknowledges that no constitutional challenge was asserted in *Sever* but argues that the "statute's ambiguity [was] clearly recognized by the court in *Sever*." *Id.* ¶ 61. On

---

[5] It is unclear here whether Plaintiff is referring to the Decedent's Policy or State Farm's insurance policies in general.
[6] *Sveen* also notes that other states, including Texas, have adopted similar statutes. *Sveen v. Melin*, 138 S. Ct. at 1819 & n.1 (citing Tex. Fam. Code Ann. § 9.301 (West 2006), and other state statutes similar to Minnesota's redesignation statute).

**Memorandum Opinion and Order – Page 17**

the other hand, Plaintiff criticizes *Sever* for "coin[ing] a new rule that[,] 'in the absence of documents evidencing an intention to change a designation, . . . substantial compliance with the policy provision could not be established.'" *Id*. ¶ 58 (quoting *Sever*, 944 S.W.2d at 491).  In this regard, Plaintiff asserts:

> In evaluating a **facial challenge** to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered. . .  What the *Sever* Court did was malign the statute with a standard not in the statute and which leads to even more vagueness. It did not define redesignation.

*Id*. ¶ 58 (emphasis added) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972)).

Plaintiff recognizes that a less stringent standard of scrutiny applies to civil statutes like section 9.301 that regulate economic activity, and that such a law can only be invalidated "if it commands compliance in terms 'so vague and indefinite as really to be no rule or standard at all.' . . . or if it is 'substantially incomprehensible.'"  Pl.'s Summ. J. Resp. Br. ¶ 59 (citing *United States v. Clinical Leasing Servs., Inc*., 925 F.2d 120, 122 n.2 (5th Cir. 1991) (quoting *A.B. Small Co. v. American Sugar Refining Co*., 267 U.S. 233, 239 (1925), and *Exxon Corp. v. Busbee*, 644 F.2d 1030, 1033 (5th Cir. 1981)).

Plaintiff, nevertheless, contends that section 9.301 is impermissibly vague under this standard:

> 60. Due to the vagueness of Section 9.301(a)(2) the insurance companies don't understand it, including State Farm and Judy Buckley. In addition to Judy Buckley, the following people reviewed, examined and pontificated over the beneficiary entitlement to the policy. Eileen Pyritz, Mia Brack, Ellen Hartig, Larrai Wullbrandt, Robert Dominguez, Daniel Hannigan, Siara Vigil, Katie Jenkins, Sonia Hughes, Janice Thompson, Tanisha Read, Haley Pearcy, Rose Forest, Tara Tallman, Susan Compton, Kristen Carroll, Anna Martinez, Romona Buena, Olivia Crutcher, AJ Voris, Elizabeth Snow, and Daniel Hannigan. Twenty-three (23) State Farm staff and its agent reviewed the beneficiary status.

Pl.'s Summ. J. Resp. Br. ¶ 60 (citing Pl.'s App. 47-225).  It is not entirely clear, but it appears from the foregoing assertion that the individuals identified by Plaintiff here (other than Judy Buckley) are also employed by State Farm.  In addition, without elaborating, Plaintiff contends that State Farm's records "show[] that Decedent's agent [Judy Buckley] emailed incorrect advice to her staff" as follows: "If an insured requests a name change on a life policy always inquire reason for name change. If it is due to divorce the new Ex-Spouse if to still remain on policy must be recorded as Ex-Spouse or discuss with the insured at that time." Pl.'s Summ. J. Resp. Br. ¶ 60 (quoted without corrections to grammatical errors) (citing Pl.'s App. 253-78).

Finally, Plaintiff asserts that the court should look beyond the plain language of section 9.301 in assessing her constitutional challenge:

> 63. The ambiguity of the statute, the policy terms and notices, payments received by State Farm, reinstatement of the policy, State Farm's reaction to the death of Enoch Bryant, Jr., Deceased, and alleged missing signed applications for reinstatement support the Court's look beyond the plain meaning of the statutory text.

> 64. State Farm has sworn to the fact that the term re-designation is not defined in the policy. Considering the significance and confusion of that word in divorce beneficiary exclusion doctrine cases, failure of an insurance company to define redesignation breeds injustice.

Pl.'s Summ. J. Resp. Br. ¶¶ 63-64 (citing Pl.'s App. 226-36).

### b.    Analysis

Plaintiff's use of the words "as applied" in her pleadings and "facial challenge" in response to Defendant's summary judgment motion suggests that she may have intended to make a facial and as applied constitutional challenge to section 9.301; however, the label of a claim—facial versus as applied—"is not what matters." *Doe v. Reed*, 561 U.S. 186, 194 (2010) (citation omitted). The court, instead, must look to Plaintiff's "claim and the relief that would follow" to determine whether they "reach beyond [her] particular circumstances."  *Id.*  For relief, Ms. Cannon requests

that the court "find section 9.301 unconstitutional and as such rule that [she] is the primary beneficiary" under the Policy.  Pl.'s Compl. ¶ 139.  The focus of her constitutional challenge, however, is not limited to how the statute is unconstitutional in its application to her; rather, she contends that, because the meaning of "redesignates" is unclear from section 9.301 for lack of a definition or explanation as to the procedure for redesignating a beneficiary, the statute is unconstitutional in all respects to all insureds and beneficiaries of life insurance policies to the extent it requires insureds to redesignate a former spouse after divorcing.  Because Ms. Cannon's claim reaches beyond her particular circumstances, the court determines that her due process challenge is facial in nature regardless of how it is characterized in her pleadings or summary judgment response.  *See Catholic Leadership Coal. of Tex. v. Reisman*, 764 F.3d 409, 426 (5th Cir. 2014) (citing *Reed*, 561 U.S. at 194).  She, therefore, must satisfy the "standards for a facial challenge to the extent of that reach."  *Id.* (citing *Reed*, 561 U.S. at 194).

Facial vagueness challenges are generally "disfavored for several reasons," including that they often "rest on speculation." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008). "Facial invalidation 'is, manifestly, strong medicine' that 'has been employed by the [Supreme] Court sparingly and only as a last resort.'" *National Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998) (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)). For vagueness challenges under the due process clause, a plaintiff must demonstrate "that the law is impermissibly vague in all of its applications."  *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982).

Vagueness may invalidate a statute if it: (1) "fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits" or (2) "authorize[s] and even encourage[s] arbitrary and discriminatory enforcement." *See United States v. Escalante*, 239 F.3d

678, 680 (5th Cir. 2001) (citing *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999)).  "[I]f arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them." *Grayned*, 408 U.S. at 108. A law that impermissibly delegates basic policy matters to administrative and judicial officials on an ad hoc and subjective basis is unconstitutionally vague. *Id.* at 108-09.

Ms. Cannon contends that section 9.301(a)(2) of the Texas Family Code fails under both prongs.  Section 9.301(a) of the Texas Family Code provides as follows regarding pre-divorce beneficiary designations by an insured:

> (a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
>
>> (1) the decree designates the insured's former spouse as the beneficiary;
>>
>> (2) the insured ***redesignates*** the former spouse as the beneficiary after rendition of the decree; or
>>
>> (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

Tex. Fam. Code Ann. § 9.301(a) (emphasis added).  Section 9.301 goes on to explain that "[i]f a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary." *Id.* § 9.301(b).

Plaintiff's due process challenge focuses on the lack of a definition in the statute for "redesignates" as used section 9.301(a)(2) and the lack of a procedure for redesignating a former spouse after divorce.  The court disagrees that section 9.301(a)(2) is impermissibly vague based on the reasons asserted by Plaintiff.

A statute is not impermissibly vague merely because it fails to define words therein used. *See, e.g., United States v. Overstreet*, 106 F.3d 1354, 1358 (7th Cir. 1997). Moreover, the term "redesignates" is a term capable of being interpreted in reference to common understanding and practice. *See International Soc. for Krishna Consciousness of Hous., Inc. v. City of Hous*., 689 F.2d 541, 553 (5th Cir.1982) (finding terms in an ordinance have a "common, well-understood meaning sufficiently plain to put on fair notice those subject to the ordinance."). The Texas Legislature's intent in using the term "redesignates" in section 9.301 is obvious, and the meaning of this section of the statute is unambiguous from the plain and common meaning of the word "redesignates," which in common parlance is understood to means that one "designates again."

Plaintiff asserts that it is not clear from section 9.301 or State Farm's insurance policies, including the Policy in question, whether redesignation of a life insurance beneficiary must be made in writing. The Texas Insurance Code that applies to life insurance beneficiary designations, however, expressly requires that life insurance beneficiary designations be made in writing in the manner permitted by the insurance policy and filed with the insurance company.  *See* Tex. Ins. Code Ann. §§ 1103.054, 1103.055, 1103.102.  Texas courts have previously recognized this interplay between section 9.301 of the Texas Family Code and the sections of the Texas Insurance Code dealing with life insurance beneficiary designations in interpreting section 9.301(a)(2) to determine whether a former spouse was entitled to recover life insurance benefits when the insured's designation of the former spouse was automatically rendered ineffective as a matter of law as a result of divorce.  *See, e.g., Sever*, 944 S.W.2d at 490; *see also Thrivent Fin. for Lutherans v. Smalley*, No. H-10-2738, 2011 WL 13261511, at *5-6 (S.D. Tex. July 26, 2011) (citing *Sever*, 944 S.W.2d at 490, for the proposition that, "[b]ecause Texas Family Code § 3.632 and Texas Insurance Code §§ 1103.054, 1103.055, 1103.102 all cover designations of beneficiaries of

insurance policies, they are in *pari materia* and must be read and considered together," and because the Texas Family Code "does not prescribe a specific method to redesignate a former spouse as beneficiary, the provisions of the Policy and Texas Insurance Code §§ 1103.054, 1103.055, 1103.102 are controlling.").

The Policy in this case also requires changes to beneficiary designations to be done by written, signed request.  Pl.'s App. 22, 25 (explaining that insureds may make a beneficiary designation change by "Request," which is defined by the Policy as a "written request signed by the person making the Request" and received by State Farm on its "request form" or that includes "information required by [State Farm's] request form").

According to the evidence in this case, the only Policy that exists is the one Decedent executed on June 1, 2013, naming Ms. Cannon as the primary beneficiary and Ms. Bryant as the successor beneficiary.  Because the Decedent and Ms. Cannon were married when this Policy was executed, she is identified as "Amy Bryant" in the Policy beneficiary designation section. The Decedent obviously understood how to designate Ms. Cannon as one of his beneficiaries when he initially executed the Policy in 2013, so it is reasonable to infer that he also understood how to designate her again after they divorced in January 2016. There is no evidence, however, that the Decedent ever submitted a signed, written request to State Farm after divorcing Ms. Cannon seeking to redesignate her or designate her again post-divorce as his primary beneficiary using either her married or maiden name.

Even if the Decedent was not aware of the beneficiary designation requirements in section 9.301(a) and the Texas Insurance Code, the Annual Notices that State Farm sent to him in June 2016 and 2017 encouraged him to contact his insurance agent with any questions and advised that an insured's former spouse might be disqualified from receiving life insurance proceeds if, after a

change in marital status, the beneficiary designation was not updated to reflect that the insured's desire to have his or her former spouse receive the insurance proceeds.  Thus, while Ms. Cannon contends that it was always the Decedent's intent to keep her as his primary beneficiary even after they divorced, and they had an oral agreement in this regard, *there is no evidence that he ever followed through as necessary to effect this alleged agreement by redesignating her as his beneficiary post-divorce by submitting a written beneficiary designation to State Farm.*

As indicated, Plaintiff also argues that the statute is impermissibly vague because State Farm, Judy Buckley, and other persons identified in Plaintiff's summary judgment response do not understand what it means to redesignate a former spouse.  It is not clear whether these persons (other than Judy Buckley) are employees of State Farm or insureds of State Farm.  In addition, it is unclear why Plaintiff believes that State Farm, Judy Buckley, or these other persons do not understand what it means to redesignate a former spouse or why she believes Judy Buckley provided incorrect advice to her staff.  It appears that Plaintiff makes this argument to show that the statute's redesignation requirement: (1) is not well understood and, therefore, applied or enforced incorrectly; (2) is enforced in an arbitrary manner by State Farm; or (3) both.

Plaintiff's conclusory assertions regarding this issue, however, are not adequately briefed.  Plaintiff cites pages 47 to 225 and 253 to 78 of her summary judgment appendix, which consists of approximately 200 pages of her 324-page appendix.  The court, however, has no obligation to comb, scour, or sift through the record to find support for Plaintiff's response or evidence that creates a genuine dispute as to a material fact.[7] *Environment Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 374 (5th Cir. 2020), as revised (Aug. 3, 2020) (agreeing that

---

[7] This is not the only instance in which Plaintiff cites an entire exhibit containing anywhere from 10 to 200 pages of her appendix as evidence to support her summary judgment response and arguments, leaving the court to guess on which pages she is relying.

"Judges are not ferrets!" and "not required to ferret out delectable facts buried in a massive record."); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Weems v. Dallas Indep. Sch. Dist.*, 260 F. Supp. 3d 719, 731 n.5 (N.D. Tex. 2017) (citing *Ragas*, 136 F.3d at 458).  To add to the confusion, the Index to Plaintiff's appendix incorrectly numbers Exhibits E and F as being located at appendix pages 116 to 136 and 137.  This aside, the courts that have addressed similar redesignation issues under Texas law have had no difficulty in interpreting and applying current section 9.301(a)(2)'s or its identical predecessor section 3.632's redesignation requirement to the facts of the particular cases, which further undermines any facial challenge to the statute.[8]

Accordingly, Plaintiff has not established that section 9.301(a)(2) is impermissibly vague with respect to the Decedent and State Farm's insureds and beneficiaries, let alone in all applications for failure to define or explain what is required to "redesignate[]" a former spouse.

---

[8] *See e.g., Cleveland*, 460 F. App'x at 361 ("Shona asks us to divine the intent of Gerald rather than the intent of the legislature. We decline to do so because the statute is clear and unambiguous. As the district court held, because Gerald designated Shona as the beneficiary before the divorce decree was entered, he was required to re-designate her if he wished for her to remain as the beneficiary after the divorce. Because Shona's designation was rendered ineffective by operation of law, we need not consider her additional argument that the language of the divorce decree was insufficient to waive a beneficial interest in the policy."); *Fisher v. Primerica Life Ins. Co.*, No. 1:17-CV-382, 2019 WL 850950, at *6 (E.D. Tex. Jan. 9, 2019) (citing *Cleveland* and concluding that the husband's beneficiary designation of his former wife became ineffective after they divorced and none of the three statutory exceptions [in section 9.301] applied); *Lincoln Nat'l Life Ins. Co. v. Allen*, No. 6:16-CV-00139-RP-JCM, 2017 WL 8896874, at *3 (W.D. Tex. Jan. 9, 2017), *report and recommendation adopted*, No. 6-16-CV-139-RP, 2017 WL 8939949 (W.D. Tex. Mar. 1, 2017) (citing *Cleveland* and concluding that, "even if the decedent did indeed intend for Teresa Allen to be a named beneficiary in his life insurance policies, the law in Texas is clear: the intent of the legislature supersedes the intent of the decedent. Because the decedent designated Defendant Teresa Allen before a court entered the divorce decree, the statute [section 9.301] required the Decedent to re-designate Teresa Allen if he wished for her to remain the beneficiary after their divorce. It is uncontested that the Decedent in this case failed to do so."); *Thrivent Fin. for Lutherans*, 2011 WL 13261511 at *2-6; *Branch*, 422 S.W.3d at 924-25 (affirming application of former section 3.632's redesignation requirement determination that husband's original designation of former wife as life insurance beneficiary became ineffective as a matter of law post-divorce; concluding that evidence that former wife paid policy premiums was irrelevant to the determination of whether she was entitled to the policy proceeds; and finding evidence of husband's oral conversations with insurance agent insufficient to establish that redesignation was in writing as required by Texas Insurance Code); and *Sever*, 944 S.W.2d at 490-91 (concluding that oral statements of husband to insurance agent were insufficient given that redesignation must be done in writing and reasoning that, although former section 3.632 "does not prescribe the procedure or method by which a beneficiary redesignation must be made," it and the Texas Insurance Code "both cover designations of beneficiaries of insurance policies, they are [therefore] in *pari materia* and must be read and considered together. *Calvert v. Fort Worth National Bank*, 163 Tex. 405, 356 S.W.2d 918, 921 (1962). Also, since these three statutes were in effect at the time the policy was issued, they became a part of the contract and govern the transaction. *Wessely Energy Corporation v. Jennings*, 736 S.W.2d 624, 626 (Tex. 1987).").

*See Village of Hoffman Estates*, 455 U.S. at 497-98.  Thus, she has not shown that the statute is void for vagueness under the federal Due Process Clause.

### 2.    Plaintiff's Beneficiary Status

Plaintiff contends that, even if not void for vagueness, section 9.301's redesignation requirement either does not apply in this case or was satisfied every time the Policy was renewed or reinstated after the Insured failed to pay the Policy premiums within the time allowed by State Farm:  "When Decedent's policy lapsed and/or ended and is reinstated honoring the same terms and beneficiaries that are in the original policy and application, the terms of section 9.301(a) do not apply to [her] as ex-spouse because the policy terms are renewed," and "[u]nder the renewed policy terms of Decedent's Policy, [she] is still the named beneficiary." Pl.'s Summ. J. Resp. Br. ¶ 47.  Plaintiff, therefore, reasons that numerous reinstatements of the Decedent's Policy occurred after they divorced and, as a result, the Policy was renewed each time.  Plaintiff further asserts that the renewals of the Policy constituted a redesignation of her as the primary beneficiary, which she contends distinguishes the facts in this case from those in *Sever* and similar cases involving redesignation of a former spouse.  Plaintiff does not cite any legal authority for this argument; rather, she contends that the issue in this case as to whether she was redesignated as a result of the Policy reinstatements is one of first impression that must be reconciled in her favor, given the lack of a definition in the statute or the Policy as to what is required to redesignate a former spouse.[9]

Based on the records produced by State Farm and the affidavit of her expert, Ms. Cannon argues that, when the Decedent's Policy lapsed or ended due to untimely payments, State Farm *should have* followed its procedure for requiring insureds to submit an application to reinstate their

---

[9] To the extent Ms. Cannon's expert states an opinion as to what the law is or should be, the court disregards and **strikes** such testimony, as "[t]he judge is the source of the law[.]" *Bodzin v. City of Dallas*, 768 F.2d 722, 725 (5th Cir. 1985).

**Memorandum Opinion and Order – Page 26**

insurance policy coverage. Additionally, she contends that, *if* the Decedent had completed and signed an Application for Individual Life Insurance Reinstatement form, "it certainly would have evidenced the intention of Enoch Bryant Jr. to make Amy Cannon [his] primary beneficiary." *Id.* at 27 ¶ 54. Ms. Cannon acknowledges that this argument directly conflicts with State Farm's written answers to deposition questions that no reinstatement application for the Decedent exists because his Policy never ended or permanently lapsed for lack of payment prior to his death. She, nevertheless, contends that these answers are "disingenuous[]" because State Farm's records show that the Policy lapsed and ended without payment by the Decedent within State Farm's usual five-day grace period and without an additional Late Payment Offer by State Farm such that the only means of reinstating the Policy was for the Decedent to submit an application to reinstate his original Policy in accordance with State Farm's procedures. Plaintiff's logic in this regard, however, is fundamentally flawed.

It is undisputed that Ms. Cannon was married to the Insured when she was designated on June 1, 2013, as the Policy's primary beneficiary using her married name "Amy Bryant," and they subsequently divorced on January 22, 2016. Thus, when the Insured died on April 4, 2018, his original pre-divorce beneficiary designation of "Amy Bryant" became ineffective, as a matter of law, unless one of the three statutory exceptions applies. Tex. Fam. Code Ann. § 9.301(a). Ms. Cannon does not argue that the first or third of these exceptions applies. In any event, nothing in the record indicates or establishes that section 9.301(a)(1) or (3) of the statute applies. Thus, contrary to her assertion, she is not relieved from coming forward with evidence establishing, or raising a genuine dispute of material fact, that the Decedent redesignated her as his primary beneficiary after they divorced in January 2016 in accordance with section 9.301(a)(2). Ms. Cannon must, therefore, come forward with evidence that the Insured redesignated her as his

primary beneficiary after they divorced by submitting a written beneficiary designation to State Farm in accordance with section 9.301(a)(2).

Plaintiff is correct that section 9.301 does not prescribe the procedure or method by which a beneficiary redesignation must be made.  As noted, however, Texas follows the rule of statutory construction that "statutes in *pari materia* are to be read and construed together in arriving at the intention of the Legislature." *Calvert*, 356 S.W.2d at 921 (citation omitted).  For this reason, the Texas Court of Appeals in *Sever* concluded that, because the Family and Insurance Codes both cover insurance beneficiary designations, they must be read together.  *Sever*, 944 S.W.2d at 490 (citing *Calvert*, 356 S.W.2d at 921).  These statutes also become part of the contract between the insured and insurer and govern the transaction between them.  *Sever*, 944 S.W.2d at 490 (citing *Wessely Energy Corp.*, 736 S.W.2d at 626).

Sections 1103.054, 1103.055, 1103.102 of the Texas Insurance Code require that life insurance beneficiary designations be made in writing, filed with the insurance company, and made in a manner permitted by the insured's policy.  The Policy in this case similarly requires that beneficiary designations be in writing and changes to beneficiary designations be made by the insured by signed written request that is submitted to State Farm using its request form or a written document that contains information required by its request form.  Def.'s App. 41, 44.  The Policy addresses reinstatement and states that it will lapse in certain situations relating to nonpayment, but it does not state that reinstatement of the Policy affects beneficiary designations.

Moreover, it is undisputed that no application for reinstatement was ever requested by State Farm or submitted by the Decedent after he and Plaintiff divorced on January 22, 2016.  Specifically, there is no evidence that State Farm considered the Policy to have permanently lapsed or ended for lack of payment before the Insured's death in May 2018 that would have required him

to submit a new application for life insurance; nor is there any evidence the Insured ever applied for any other life insurance policy with State Farm.  Pl.'s App. 227 (Aff. of Staci D. Meyers, State Farm Life Customer Service Assistance).  Plaintiff and her expert acknowledge as much.

The argument—that State Farm *should have* required Decedent to complete and submit a reinstatement application, and that such an application, *if* submitted, would have evidenced his intent to have Ms. Cannon remain as his primary beneficiary—is creative, but it is not evidence. This argument is premised on a purely hypothetical set of facts and amounts to no more than conjecture.  That this argument is based on the opinion of Plaintiff's expert does not make it any less conjectural or abstract.

Additionally, Plaintiff's or her expert's belief that State Farm should have handled the Decedent's late payments differently is not relevant.  What matters is whether the Decedent *actually* took steps to redesignate Ms. Cannon by submitting a written request to State Farm post-divorce indicating his intent to designate her again as his primary beneficiary notwithstanding their divorce.  Plaintiff's belief that the Decedent must have submitted other applications for life insurance given his late payments and the language in State Farm's notices regarding the Policy lapsing or ending is based on nothing more than unsupported speculation, and it is insufficient to refute her own undisputed evidence—that the Policy never ended before the Insured's death, and the Insured never submitted and was never required to submit a reinstatement application.[10]   *Id.*

Further, even if the Policy was reinstated automatically by State Farm after late payments were made by the Insured without the need for a reinstatement application, then the same Policy that was executed on June 1, 2013, *simply remained in effect unchanged*, which again is

---

[10] In her affidavit, State Farm Customer Service Assistance employee Ms. Meyers explains that the Policy never ended before the Insured's death.  In addition, she explains that he was never required to submit a new application for life insurance policy to be reconsidered for reinstatement.  Pl.'s Summ. J. App. 227.

**Memorandum Opinion and Order – Page 29**

insufficient to raise a genuine dispute of material fact as to whether the Decedent redesignated Ms. Cannon. The Fifth Circuit authority cited by Plaintiff does not indicate otherwise.

That the Policy here remained unchanged is also supported by the undisputed evidence in this case. As already indicated, the original Policy named Ms. Cannon as the primary beneficiary; however, because the Decedent and Ms. Cannon were married when this Policy was executed, it identifies her by her married name "Amy Bryant" in the Policy beneficiary designation section. Upon automatic reinstatement of the Policy, no changes were made to redesignate Plaintiff as "Amy Cannon," even though the record reflects that Plaintiff changed her name shortly after divorcing the Decedent and notified State Farm of this change as it applied to her insurance policy or policies with State Farm. *See* Pl.'s App. 260 (State Farm internal business record dated "03-15-2016" indicating that it received the "[s]ubmitted name change per email from Amy" regarding her insurance policy). Thus, automatic reinstatement of the original Policy with unchanged terms and beneficiary designations is not evidence that the Insured redesignated Ms. Cannon post-divorce in a writing submitted to State Farm and, therefore, is insufficient to raise a genuine dispute of material fact.

Ms. Cannon also relies on her affidavit in an effort to raise a genuine dispute of material fact. According to Ms. Cannon, her affidavit is further evidence of the Decedent's intent to have her remain as his primary beneficiary post-divorce. In this regard, Ms. Cannon states:

> [S]he and Decedent entered into an [oral] agreement to remain good friends and keep their insurance policies, assets and debts at status quo. Having entered into this agreement it is also evident that the offer, acceptance and consideration for such an agreement existed between them. Cannon and Decedent kept each other on their policies. Cannon did not change Decedent from her policy until after his death.

Pl.'s Summ. J. Resp. Br. 27 ¶ 54. In addition, she asserts that, on November 11, 2017, the "Decedent visited with Judy Buckley, State Farm Agent about his delinquent policy premiums,"

and "[o]n that date she asked him if he wanted to remove Cannon as primary beneficiary and he did not remove Cannon as primary beneficiary."  Pl.'s Summ. J. Resp. Br. 15 ¶ u. Ms. Cannon, however, does not cite any evidence to substantiate this latter contention, and any oral statements, conversations, or agreements are insufficient, as redesignation must be done in writing. *Branch*, 422 S.W.3d at 924-25; *Sever*, 944 S.W.2d at 490-91.

Ms. Cannon also points to evidence that she voluntarily paid certain debts of the Decedent (a truck note, storage rental, and funeral expenses) after his death in accordance with their oral agreement.  Ms. Bryant contends that any such evidence is irrelevant, as Plaintiff was reimbursed during the administration of the Decedent's estate.  Def.'s Summ. J. Br. 7 (citing Def.'s App. 237-40). Ms. Bryant further contends that, if evidence of a former spouse's payment of a life insurance premium while he was alive has been found to be irrelevant to whether the ex-wife was redesignated as a beneficiary, then so too is Plaintiff's evidence of her unnecessary and unsolicited payment of a few bills owed by the Decedent's estate.  The court agrees with Defendant that this evidence is insufficient to satisfy the redesignation requirement. *See Branch*, 422 S.W.3d at 924-25 (concluding that evidence that former wife paid policy premiums was irrelevant to the determination of whether she was entitled to the policy proceeds in absence of evidence that she was redesignated as the policy beneficiary post-divorce).

For all of these reasons, the court determines that Ms. Cannon has failed to raise a genuine dispute of material fact regarding any redesignation of her by the Decedent after they divorced. Because the original designation of Ms. Cannon is not effective under section 9.301(a), the proceeds of the Policy are payable under section 9.301(b) to Ms. Bryant, the named alternative beneficiary. Accordingly, Ms. Bryant is entitled to judgment as a matter of law as to her and Ms.

Cannon's claims to the Policy proceeds, as well as Ms. Cannon's constitutional challenge to section 9.301. The court, therefore, **grants** Ms. Bryant's summary judgment motion.

## IV.     Plaintiff's Motions to Dismiss (Docs. 104, 106)

Both of the motions to dismiss filed by Ms. Cannon seek dismissal of Ms. Bryant's request for attorney's fees and appear to be identical. It is only after comparing the motions side by side that it is apparent that the first of these motions is a rough draft that was mistakenly filed. Instead of filing an amended motion to dismiss that explains this, Plaintiff filed a second motion to dismiss and left it for the court to figure this out after spending time comparing the two filings. The court, therefore, addresses the arguments in Plaintiff's second-filed motion to dismiss and disregards the those in the first-filed motion.

Based on Fifth Circuit authority, Plaintiff contends that Defendant is not entitled to recover attorney's fees under Chapter 37 of the Texas Declaratory Judgment Act ("TDJA") as alleged because this chapter does not provide a substantive basis to recover attorney's fees in this federal action, and attorney's fees are not available to the prevailing party under the Federal Declaratory Judgment Act ("FDJA") in a diversity action.

Defendant disagrees and argues that the TDJA expressly recognizes that courts have discretion to award attorney's fees, and Texas law on this issue is clear. In addition, she contends as follows:

> [Ms.] Cannon correctly asserts that there are no contracts or other legal relations between Plaintiff and Defendant. However, what [Ms.] Cannon fails to acknowledge is the enormous amount of time and unnecessary expense incurred by [her] due to [Ms.] Cannon's frivolous and meritless claims and her blatant disregard for the rules of this Court. Because of [Ms.] Cannon's numerous pleadings and meritless claims regarding an ex-spouse's alleged entitlement to life insurance proceeds, failed claims and disputes with State Farm, and her challenge to the constitutionality of Texas Family Code 9.301 in direct contradiction of established law, [she] has had to respond and defend her claims to the policy proceeds in ways not anticipated in a traditional interpleader action. Accordingly, [she] has been

forced to incur attorney's fees and expenses that a typical interpleader defendant would not incur.

Def.'s Resp. ¶ 10.  Plaintiff did not file a reply in support of her motion to dismiss.

Plaintiff is correct that Defendant is not entitled to recover attorney's fees as the prevailing party under the TDJA or FDJA.  *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 209-10 (5th Cir. 1998) (explaining that attorney's fees are not available under the TDJA when jurisdiction is based on diversity because the TDJA is procedural in nature and, unlike substantive law, Texas procedure does not govern diversity actions); *Mercantile Nat'l Bank v. Bradford Trust Co*., 850 F.2d 215, 218 (5th Cir. 1988) ("The federal Declaratory Judgment Act 'does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under [substantive] state law in a diversity action.").

The court, however, agrees that Plaintiff's counsel has unnecessarily delayed the proceedings in this case and increased the cost of the litigation despite the various verbal and written admonishments and warnings by the court throughout this case.  Whether Plaintiff, her attorney, or both should be required by the court to pay an amount of attorney's fees as a sanction, for example, pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or other legal authority, however, will require additional briefing by the parties.

The court, therefore, reserves this issue for resolution postjudgment and **denies** Plaintiff's Motions to Dismiss (Docs. 104, 106) Defendant's counterclaim for attorney's fees.  If Ms. Bryant would like to pursue an award of attorney's fees as a sanction against Plaintiff, her attorney, or both, she must file a motion no later than **30 days** after entry of judgment in this case. Any motion filed by Ms. Bryant **shall** set forth the legal and factual bases for such request and must be accompanied by supporting documentation in the form of billing records and any other materials that she believes are necessary to support a determination that an award of attorney's fees as a

sanction is not only appropriate, but also that the amount of attorney's fees sought is reasonable under the circumstances and applicable law.

## V.    Conclusion

For the reasons explained, Ms. Bryant has satisfied her summary judgment burden as the movant with respect to both parties' claims.  Ms. Cannon, on the other hand, has failed to raise a genuine dispute of material fact in response to Defendant's summary judgment motion as to Ms. Bryant's entitlement to the Policy benefits, her own entitlement to the Policy benefits, or her defense regarding the constitutionality of section 9.301(a)(2) of the Texas Family Code.   Ms. Bryant is, therefore, entitled to judgment as a matter of law on her claim to the Policy proceeds, Ms. Cannon's claim to the Policy proceeds, and Ms. Cannon's challenge regarding the constitutionality of section 9.301 of the Texas Family Code. The court, therefore, **grants** Defendant Mae Katheryn Bryant's Motion for Summary Judgment (Doc. 129) and **dismisses with prejudice** all claims asserted by Plaintiff Amy Cannon against Defendant.   Accordingly, Defendant Mae Katheryn Bryant is entitled to and **shall** recover the full amount of the Policy funds deposited into the registry of the court by State Farm and all accumulated interest that has accrued on such amount.

On May 30, 2021, State Farm deposited into the registry of the court $307,114.29, which represented the amount of the Policy proceeds plus accrued interest at the time the funds were deposited. Since this date, an additional $3,273.08 in interest has accrued. As of today's date, the total amount of the Policy proceeds and accrued interest is **$310,387.37**.  The court **directs** the clerk of court to take the necessary steps to cause a check to be issued and payable to Mae Katheryn Bryant and her attorney Dana Theresa Williams in the amount deposited into the registry of the

court plus *all* accrued interest, including any additional interest that may accrue after entry of this memorandum opinion prior to issuance of the check to Ms. Bryant and her attorneys.

Also, the court **denies** Plaintiff Amy Cannon's Rule 12(b)(6) Motions to Dismiss Counterclaims (Docs. 104, 106); and **denies** Plaintiff's Requests to Continue Discovery (Docs. 115, 137). Judgment will issue by separate order in accordance with Rule 58 of the Federal Rules of Civil Procedure.  Any request by Ms. Bryant for attorney's fees must be filed within **30 days** after entry of judgment in this case.  Further, in light of its rulings, the court **denies as moot** the remaining four pretrial motions (Docs. 154, 159, 160, and 162).

**It is so ordered** this 16th day of February, 2022.

Sam A. Lindsay
United States District Judge